IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TAMELA GATES                          :
                                      :
        Plaintiff,                    :
                                      :
vs.                                   : CIVIL ACTION NO. 13-00149-KD-B
                                      :
CRESCENT HOTELS & RESORTS, LLC, :
                                      :
        Defendant.                    :

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff Tamela Gates' Motion to Remand. (Doc. 9). The motion, which has been fully briefed and is ripe for resolution, has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c). Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Plaintiff's Motion to Remand (Doc. 9) be GRANTED, and that this action be REMANDED to the Circuit Court of Mobile County, Alabama.

### I.   Background Facts

Plaintiff, Tamela Gates (hereinafter "Plaintiff"), commenced this personal injury action in the Circuit Court of Mobile County, Alabama on December 27, 2012, against Defendant "Marriott International, Inc., d/b/a Mobile Marriott" and various fictitious defendants. (Doc. 1-1 at 8). In the

Complaint, Plaintiff alleges that Defendant "Marriott International, Inc., d/b/a Mobile Marriott," was negligent and wanton in failing to operate and maintain its hotel premises, located at 3101 Airport Boulevard in Mobile, Alabama, in a safe condition. According to Plaintiff, while attending a meeting on the premises on September 13, 2012, she was caused to slip and fall on "a hidden and/or latent defect and/or obstruction," namely a buckled floor map, and was injured as a result. (Id. at 10-14). Plaintiff seeks an unspecified amount of compensatory and punitive damages for injuries she allegedly sustained from the fall. (Id. at 14).

At Plaintiff's request, a copy of the summons and complaint was served via certified mail on the registered agent of "Marriott International, Inc., d/b/a Mobile Marriott" in Montgomery, Alabama. (Id. at 15, 26-29). The registered agent accepted service on December 31, 2012. (Id. at 30).

On January 24, 2013, "Marriott International, Inc.," through its counsel, Warren Butler, filed a Motion to Dismiss asserting that Marriott International, Inc., was incorrectly identified in the complaint as "Marriott International, Inc., d/b/a Mobile Marriott." (Id. at 32). Marriott International, Inc. sought dismissal on the ground that it was merely the franchisor of the hotel known as the "Mobile Marriott" located at 3101 Airport Boulevard, Mobile, Alabama, and as such, it had

no responsibility for the day-to-day operations of the hotel. (Id. at 32-33). Marriott International, Inc. further alleged that the "Mobile Marriott" located at 3101 Airport Boulevard, Mobile, Alabama was operated by a franchisee, and that the franchisee, as opposed to Marriott International, Inc. was the entity responsible for the day-to-day management of the hotel. (Id.). Marriott International, Inc. did not, however, provide the name of the franchisee referenced in its motion.[1]

On January 28, 2013, Plaintiff caused a process server to serve a copy of the summons and complaint via hand delivery on the hotel located at 3101 Airport Boulevard in Mobile, Alabama. (Doc. 9-2-1). The summons was addressed to "Marriott International, Inc., d/b/a Mobile Marriott" and was hand delivered to Jessica Williams, the manager of the hotel located at that address.[2] (Id.).

---

[1] Emails between defense counsel and Plaintiff's counsel reflect that mere days after Marriott International, Inc., filed its motion to dismiss, Plaintiff's counsel, on January 28, 2013, began requesting that defense counsel provide the name of the franchisee. This information was not provided until nearly a month later on February 25, 2013. (Doc. 9-1 at 1).

[2] The Court notes that the private process server identified Ms. Williams as the "manager" of the hotel located at 3101 Airport Boulevard in Mobile, Alabama. (Id.). In addition, court records produced by Plaintiff from a separate garnishment action identify "Jessica Williams" as the person to be served by the sheriff to effect service on the Mobile Marriott located at 3101 Airport Boulevard, Mobile, Alabama. (Doc. 9-2, 9-6 at 1). Defendant does not dispute that Jessica Williams was the manager (Continued)

In an email dated February 23, 2013, counsel for Marriott International, Inc. identified "Crescent Hotels & Resorts, LLC" as the correct defendant in this case.  (Doc. 9-1 at 3).  On February 27, 2013, Plaintiff amended her complaint to substitute "Crescent Hotels & Resorts, LLC d/b/a Mobile Marriott" for "Marriott International, Inc., d/b/a Mobile Marriott" in the complaint.  (Doc. 1-1 at 91-98).

On March 28, 2013, Defendant Crescent Hotels & Resorts, LLC, represented by the same counsel that represented "Marriott International, Inc.," filed a Notice of Removal under 28 U.S.C. §§ 1441 and 1446 on the basis of diversity jurisdiction.  (Doc. 1).  On April 10, 2013, Plaintiff filed the instant Motion to

---

of its hotel, nor does it assert that Williams was not a proper agent for service of process.  Rather, Defendant simply states that it was incorrectly identified in the summons and complaint as "Marriott International, Inc., d/b/a Mobile Marriot."  (Doc. 13 at 4).  However, as discussed herein, the summons and complaint sufficiently described the entity against whom Plaintiff was proceeding, including giving the hotel's address and describing the incident that allegedly occurred on the property (Doc. 1-1; Doc. 9-2).  The evidence establishes that Jessica Williams was the proper agent to accept personal service on behalf of Defendant, and Defendant does not refute that fact.  Cf. Lifestar Response of Alabama, Inc. v. Lemuel, 908 So. 2d 207, 217 (Ala. 2004) (personal service of process on the human resources manager of defendant "Lifestar Response of Alabama, Inc.," at its business address was proper despite the fact that the summons and complaint incorrectly named the defendant as "Care Ambulance Service of Alabama, Inc."  The court noted that the complaint clearly described the entity involved in the incident, and the defendant's manager was personally served on-site).

Remand this action to state court.  (Doc. 9).

## II.  **Analysis**

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction.  See Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citation omitted).  Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand.  See University of S. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).  "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."  Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

As noted *supra*, this action was removed by Defendant Crescent Hotels & Resorts, LLC, pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity of citizenship under 28 U.S.C. § 1332.  Title 28 U.S.C. § 1441(a) provides, in relevant part:

> Except as otherwise expressly provided
> by Act of Congress, any civil action brought
> in a State court of which the district

> courts of the United States have original
> jurisdiction, may be removed by the
> defendant or the defendants, to the district
> court of the United States for the district
> and division embracing the place where such
> action is pending.

28 U.S.C. § 1441(a). Where the alleged basis for federal
jurisdiction is diversity under 28 U.S.C. § 1332, the removing
defendant has the burden of demonstrating that there is (1)
complete diversity of citizenship and (2) an amount-in-
controversy greater than $75,000.[3]  See 28 U.S.C. § 1332(a).

In addition, 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action
> or proceeding shall be filed within 30 days
> after the receipt by the defendant, through
> service or otherwise, of a copy of the
> initial pleading setting forth the claim for
> relief upon which such action or proceeding
> is based, or within 30 days after the
> service of summons upon the defendant if
> such initial pleading has then been filed in
> court and is not required to be served on
> the defendant, whichever period is shorter.

In this action, Plaintiff alleges that the removal is
untimely because it was filed eighty-eight days after the
registered agent for "Marriott International, Inc. d/b/a Mobile
Marriott" was served via certified mail on December 31, 2012 and

---

[3] The parties agree that there is complete diversity in this
case.  However, the parties dispute whether the matter in
controversy exceeds $75,000.  Having found herein that
Defendant's Notice of Removal is untimely, the Court need not
reach that issue.

sixty days after a private process server served, on January 28, 2013, a copy of the summons and original complaint on Jessica Williams, the hotel manager at the Marriott hotel located at 3101 Airport Boulevard in Mobile, Alabama. (Id. at 4-5). In addition, Plaintiff alleges that the Court lacks jurisdiction inasmuch as Defendant cannot establish the requisite amount in controversy. (Id. at 5-6). Thus, Plaintiff argues that this action should be remanded. (Id.).

Defendant counters that with Plaintiff's amended complaint, Marriott was dismissed as a defendant, that Crescent was added as a defendant, and that Plaintiff was required to serve Crescent. (Doc. 13). According to Defendant, prior to the amended complaint, Crescent was not a party to the action, and had no right or obligation to remove the action. Defendant further asserts that mere notice of the complaint- prior to formal service of the complaint on Crescent- was not enough to trigger the start of the 30 day removal period under § 1446(b). Defendant also argues that under § 1446(b), as amended, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons. . . to file the notice of removal." According to Defendant, counsel for the parties agreed that defense counsel would accept service for Crescent, with an effective service date of February 28, 2013, after which Crescent had 30 days in which to remove this action.

(Doc. 13 at 3).

As noted *supra*, a civil action may be removed to federal court within thirty days of service of process on the defendant. See 28 U.S.C. § 1446(b). The Supreme Court held in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999), that the removal window in § 1446(b) "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Thus, the thirty-day removal window cannot begin until an entity is officially made a defendant through formal process. Murphy Bros., 526 U.S. at 347-48. Until formally served and brought under a court's authority, an entity is not a defendant, but is simply a non-party that lacks standing to remove. Id. at 347 ("[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."). Thus, the issue before this Court is whether, and at what point, Crescent became the defendant and thereby obtained standing to remove.

The Court finds Brizendine v. Continental Cas. Co., 773 F. Supp. 313, 314 (N.D. Ala. 1991) instructive on this issue. In Brizendine, the plaintiff filed a breach of contract and bad faith action against "CNA Insurance Company," which was the

trade name for the proper defendant, "Continental Casualty Company." The defendant filed a motion to dismiss arguing that it had been improperly named in the complaint, that CNA Insurance Company was merely a trade name, and that service upon the defendant was insufficient. Id. at 315. In response, the plaintiff filed an amended complaint which substituted the name "Continental Casualty Company" for "CNA Insurance Company." Id. The defendant Continental Casualty Company then filed a Notice of Removal twenty-nine days after being served with the amended complaint, but 108 days from the date that it had been served with the original complaint naming CNA Insurance Company as defendant. Id. In granting the plaintiff's motion to remand, the court held that Continental Casualty Company's removal was untimely because its receipt of the original complaint, which incorrectly utilized its trade name "CNA Insurance Company," constituted "receipt by the defendant [Continental Casualty Company], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based as those words are used in 28 U.S.C. § 1446(b)." Id. at 316. The court noted that the defendant had widely used the trade name by which it had been incorrectly designated in the original complaint and that it was on notice of the plaintiff's claims after it received the original complaint. Id. at 315-16. The court stated:

> When a defendant is improperly named in a civil action filed in an Alabama state court and the case is removable and the defendant desires to remove, the proper course of action to effect the removal and to correct the improper name is to timely file Notice of Removal *and* a 12(b)(4) or 12(b)(5) motion, Fed. R. Civ. P., in the federal district court to which his case is being removed. A defendant in these stated circumstances who desires to remove the case to federal court yet procedurally attacks in state court the failure of the plaintiff to correctly name the defendant and holds its removal effort in abeyance until the defendant is correctly identified and designated by amended complaint does so at its peril, as witness the present case.

Brizendine, 773 F. Supp. at 321 n.9 (emphasis in original).

Similarly, in Ware v. Wyndham Worldwide Inc., 2010 U.S. Dist. Lexis 60734 (D.N.J. 2010), the plaintiff, who was employed by Wyndham Vacation Resorts("WVR"), which is a subsidiary of a subsidiary of Wyndham Worldwide Corporation ("WWC"), filed suit against "Wyndham Worldwide Inc." ("WWI"), a non-entity, alleging employment discrimination under state law. On October 7, 2009, WVR accepted service of a summons and the plaintiff's complaint and soon thereafter, filed an answer advising that Defendant Wyndham Vacation Resorts, Inc. ("WVR") had been incorrectly named in the complaint as Wyndham Worldwide Incorporated, that plaintiff was employed by WVR, and that WWI was not the proper entity to be named in the action. The parties thereafter stipulated to the formal dismissal of WWI and the substitution

of WVR as the sole defendant. After the stipulation was executed and filed with the Court on November 25, 2009, WVR filed a notice of removal on December 16, 2009, and in response, Plaintiff filed a motion to remand on the ground that the removal was untimely. In granting the motion to remand, the court held that two requirements must be satisfied to trigger the running of an intended but improperly named defendant's thirty-day removal window. First, in accordance with the Supreme Court's decision in Murphy Brothers, the intended defendant must be formally served with process. Second, the intended defendant must ascertain or be able to ascertain that it is indeed the intended defendant and that the plaintiff made a mistake in the complaint. The Court observed that the plaintiff had formally served WVR at its correct address, and that the very purpose of the complaint, which detailed numerous acts of misconduct performed by WVR, was to seek relief from the plaintiff's employer. In remanding the action as untimely, the court held that "[a] reasonable entity presented with service under these facts would conclude from an initial glance at the complaint that [p]laintiff clearly intended to sue her employer and only her employer, and that [p]laintiff was mistaken as to her employer's proper corporate name." (Id.)

In this action, the record is undisputed that Defendant, now correctly designated as Crescent Hotels & Resorts, LLC,

operates the hotel located at 3101 Airport Boulevard in Mobile, Alabama, which is the subject of the allegations in Plaintiff's original complaint. (Doc. 1-1 at 8; Doc. 1 at 1). It is also undisputed that the manager of Defendant's hotel, Jessica Williams, was personally served on the hotel's premises with a summons and a copy of the original complaint on January 28, 2013. (Id.). Although the complaint incorrectly designated the defendant as "Marriott International, Inc. d/b/a Mobile Marriott," it specifically identified the entity against whom Plaintiff was filing suit, *i.e.*, the operator of the hotel property located at 3101 Airport Boulevard, Mobile, Alabama 36606, on which Plaintiff allegedly sustained her injuries. (Doc. 9-2 at 1; Doc. 1-1 at 10). The hotel at issue is operated by Defendant Crescent Hotels & Resorts, LLC and uses the trade names the "Mobile Marriott" and "Marriott Mobile." (Doc. 9-3 at 1-3; Doc. 9-4; Doc. 9-5). Under the circumstances presented, the undersigned finds that the service effected on Crescent on January 28, 2013 triggered the thirty day period set forth in § 1446(b). See also Aranda v. Foamex Int'l d/b/a FXI, Inc., 884 F. Supp. 2d 1186, 1212 (D.N.M. 2012) (where summons and complaint were served on the agent for service of the incorrectly named defendant, the incorrectly named defendant acknowledged that it received a summons and copy of the complaint, and there was sufficient information in the original

complaint to put FXI on notice that it was the entity being sued, the court found that service was not defective merely because the defendant was misnamed); Brown v. New Jersey Mfrs. Ins. Group, 322 F. Supp. 2d 947, 952-53 (M.D. Tenn. 2004) (holding that thirty-day clock began upon initial service of complaint upon New Jersey Manufacturers Ins. Co., even though plaintiffs intended to sue New Jersey Re-Insurance Company); Iulianelli v. Lionel, LLC., 183 F. Supp. 2d 962, 968 (E.D. Mich. 2002)(holding that thirty-day clock began upon initial service of complaint naming Lionel Trains instead of the intended defendant Lionel, LLC); Brizendine, 773 F. Supp. at 315-16 (holding that thirty-day clock began upon initial service of complaint naming CNA Insurance Company instead of the intended defendant, Continental Casualty Company); Jacobson v. Holiday Travel, Inc., 110 F.R.D. 424, 425 (E.D. Wis. 1986) (holding that thirty-day clock began upon initial service of complaint naming Holiday Travel Services, Inc. instead of the intended defendant, Holiday Travel, Inc.).

Therefore, Defendant Crescent Hotels & Resorts, LLC's Notice of Removal, which was filed sixty days after Crescent's hotel manager was personally served at Crescent's business

address, was untimely.[4]   Based on the foregoing, Plaintiff's Motion to Remand is due to be granted.

## III. __Conclusion__

For the reasons discussed herein, the undersigned RECOMMENDS that Plaintiff's Motion to Remand (Doc. 9) be GRANTED, and that this action be REMANDED to the Circuit Court of Mobile County, Alabama.

### __Notice of Right to File Objections__

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who

---

[4] Defendant's reliance on __Robinson v. Dolgen Corp., LLC__, 2013 U.S. Dist. LEXIS 29837, *8, 2013 WL 789611 (N.D. Okla. March 4, 2013), is misplaced because unlike the current case, in __Robinson__, the plaintiff named and served a separate entity, Dollar General, and the correct defendant, Dolgen Corp., was not served.   According to the court, "[t]he error in this case cannot be classified as a misnomer or a 'technical defect' because, . . . the correct defendant was not served with process."   __Id.__ at *8.   In the case at hand, it is undisputed that a summons and a copy of the original complaint were served on Crescent Hotels & Resorts via hand delivery to its hotel manager at its business address.

Defendant's reliance on __Fenwick v. Nationwide Mut. Ins. Co.__, 2009 U.S. Dist. LEXIS 93297, 2009 WL 3246757 (D. Utah Oct. 6, 2009) is also misplaced. In __Fenwick__, the plaintiff argued that its misidentification of the defendant was a technical defect, and the defendant's 30 day removal period began when the complaint was served on the original defendants.   __Id.__ at *8. The court rejected the plaintiff's argument and found that service of process on legally separate entities, but not the misidentified defendant, was not sufficient to trigger the defendant's 30 day time period to file a notice of removal.   __Id.__ at *9.

objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this the **6th** day of **June, 2013.**

                              **/s/ SONJA F. BIVINS**
                       **UNITED STATES MAGISTRATE JUDGE**